**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES HAROLD EICKLEY, | : | Civil No. 3:26-cv-1543 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| FRANCIS CHARDO, | : | **FILED**<br>**SCRANTON**<br>JUN 09 2026 |
| Defendant | : | PER _____ *Cal*<br>DEPUTY CLERK |

**MEMORANDUM**

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983 filed by James Harold Eickley ("Eickley"), an inmate confined at the Dauphin County Prison, in Harrisburg, Pennsylvania. (Doc. 1). The sole named Defendant is District Attorney Francis Chardo. (*Id.* at 2). Eickley alleges that he is "falsely incarcerated." (*Id.* at 3).

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

I.   **Allegations of the Complaint**

On September 25, 2025, Eickley was arrested on "new charges" and his "first ever technical violation on county probation." (Doc. 1, at 2). He was remanded to county jail. (*Id.*). On October 8, 2025, Eickley was sentenced to a two-to-four-year term of imprisonment. (*Id.*). Eickley alleges that this sentence is "completely illegal" and he has been "falsely incarcerated since [the sentencing]." (*Id.* at 3). Eickley asserts that he should

have been released from custody on October 8, 2025, but was instead sentenced on that date. (*Id.*). He alleges that District Attorney Chardo was aware of his sentence and its alleged "illegality." (*Id.*).

For relief, Eickley seeks release from his term of probation and release from custody[1], as well as financial reimbursement "for the illegal time that [he has] spent incarcerated." (*Id.*).

## II.    **Legal Standards**

### A.    Screening of Complaints

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

---

[1]    To the extent that Eickley desires release from custody, he cannot obtain it in a Section 1983 action but must instead seek a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

2

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

3

"factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

Twombly and Iqbal require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Eickley proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

B.    Section 1983

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the

5

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.    Discussion

It is well-settled that prosecutors are entitled to absolute immunity from liability for damages under Section 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and...presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). "[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. Cnty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006). Absolute immunity extends to the decision to initiate a prosecution, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," presenting a state's case at trial, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (internal citations omitted). "[P]rosecutors [also] are entitled to absolute immunity from claims for damages related to their roles in choosing when and whether to dismiss charges or withdraw[ ] an arrest warrant lodged against a defendant." *Garcia v. Philadelphia Dist. Attorney's Office*, 2023 WL 3750604, at *2 (3d Cir. June 1, 2023), *cert. denied*, 2024 WL 675086 (U.S. Feb. 20, 2024), (citing *Burns v. Reed*, 500 U.S. 478, 486

6

(1991) (extending absolute immunity to protect those functions in which the prosecutor acts as an "advocate for the State," even if they "involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom")).  After a conviction is obtained, a prosecutor's conduct is entitled to absolute immunity where the conduct is "part of the prosecutor's continuing personal involvement as the state's advocate in adversarial post-conviction proceedings." *Yarris*, 465 F.3d at 137.  In addition, "prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." *Id.*; *see also Munchinski v. Solomon*, 747 F. App'x 52, 58 (3d Cir. 2018).  Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Eickley's claims against Defendant Chardo are based on his actions, or lack of actions, taken during the prosecution of Eickley's state criminal case.  Specifically, Eickley alleges that he should have been released from custody on October 8, 2025, but was instead sentenced on that day, and Defendant Chardo knew about his sentence and the alleged "illegality" of the sentence.  (Doc. 1, at 3).  Because Eickley's claims against Defendant Chardo are clearly based upon his actions or inactions as a prosecutor representing the Commonwealth in Eickley's state criminal proceedings, he is entitled to

7

absolute immunity. The claims against Defendant Chardo will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## IV.    Leave to Amend

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Eickley. *See Erickson*, 551 U.S. 89. The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Because Defendant Chardo is entitled to absolute prosecutorial immunity, the Court finds that granting Eickley leave to amend would be both futile and inequitable.

## V.    Conclusion

The claims against Defendant Chardo will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim based on absolute prosecutorial immunity.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June ___, 2026

8